UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                                    :

ALLSETTLED GROUP INC.,                  :

                         Plaintiff,     :    **ORDER DENYING**
                                                  :    **MOTION TO REMAND**
   -against-                           :
                                                  :    10 Civ. 150 (AKH)

THE CHARTER OAK FIRE INSURANCE  :
COMPANY, a wholly owned subsidiary of  :
TRAVELLER'S INDEMNITY COMPANY, and  :
TRAVELLER'S INDEMNITY COMPANY,  :

                       Defendants.  :

------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Allsettled Group Inc. held a business interruption policy issued by Defendant Charter Oak Fire Insurance Co. Allsettled was forced to relocate in July 2007 after a steam pipe explosion restricted access to its offices. Allsettled subsequently went out of business and submitted a claim for losses under the business interruption policy. Charter Oak refused to make payment on the policy and Allsettled challenged that decision through a declaratory judgment action in New York State Supreme Court. Charter Oak removed that action to this Court. Allsettled now moves to remand, arguing that this Court should abstain on the ground that another proceeding is pending in New York State Supreme Court, a subrogation action brought by Defendant Traveller's Indemnity Co., the parent of Charter Oak, against the City of New York and Consolidated Edison. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

Allsettled's motion for remand is denied. That both parties to this action are also parties to the subrogation action "is insufficient to justify abdicating the 'virtually unflagging obligation' to exercise federal jurisdiction." Gregory v. Daly, 243 F.3d 687, 702 (2d Cir. 2001) (quoting Colorado River, 424 U.S. at 817); see Am. Disposal Servs., Inc. v. O'Brien, 839 F.2d 84, 87 (2d Cir. 1988) ("The existence of concurrent federal and state proceedings regarding the same subject matter is not by itself sufficient to justify dismissal under Colorado River."). The pending subrogation action in state court includes scores of other parties. Moreover, the issues to be decided in this declaratory judgment action are not "substantially the same" as those to be decided in the subrogation action. Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) (citing Day v. Union Mines Inc., 862 F.2d 652, 655 (7th Cir. 1988)).

Abstention is also inappropriate under the more permissive Wilton doctrine, which grants district courts "greater" discretion to abstain "than that permitted under the 'exceptional circumstances' test of Colorado River." Wilton, 515 U.S. at 286; Dittmer, 146 F.3d at 118. In Wilton, the Supreme Court explained that district courts "should examine the scope of the pending state court proceeding and the nature of defenses open there," and should consider "whether the claims of all parties in interest can satisfactorily be adjudicated in [the pending state court] proceeding." Wilton, 515 U.S. at 283. "In the last analysis, 'the question for a district court . . . is whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court.'" Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997) (quoting Wilton, 515 U.S. at 282). Here, there is no indication that this action "can better be settled" in state court. Allsettled has failed to show that the issues in this declaratory judgment action would be better resolved in state court.

For the reasons stated, the motion to remand is denied. Plaintiff shall file its complaint by June 7, 2010. Defendant shall either file its answer, or its motion to dismiss, by June 28, 2010. If a motion is filed, Plaintiff shall oppose by July 19, 2010 and Defendant shall reply by July 26, 2010. Oral argument, if necessary, will be fixed by the Court.

The Clerk shall mark the motion (Doc. No. 4) terminated.

SO ORDERED.

Dated:   May 10, 2010
         New York, New York

                                  _____
                                  ALVIN K. HELLERSTEIN
                                  United States District Judge